**Dianne MULLINAX, Plaintiff,**

v.

**E.B. McELHENNEY, et al., Defendants.**

**Civ. A. No. C84–1590A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Nov. 10, 1987.

Clifford Harold Hardwick, Roswell, Ga., for plaintiff.

Steven Martin Fincher, Glaze, Fincher & Bray, Jonesboro, Ga., Michael J. Bowers, Atty. Gen., Atlanta, Ga., for defendants.

## ORDER

ROBERT H. HALL, District Judge.

This matter is currently before the court on defendants' motion for summary judgment. The facts of the case have been fully set forth in previous orders of this court as well as the Eleventh Circuit in *Mullinax v. McElhenney,* 817 F.2d 711 (11th Cir.1987). The court hereby adopts and incorporates the thorough recitation of facts set forth in the Eleventh Circuit's opinion. As this court stated in its order of September 23, 1987, the only remaining defendants in this action are Keller and Sticher and the only remaining claims against these defendants are for alleged conspiracy, attempted entrapment, harassment and discrimination. Defendants moved to dismiss all the remaining claims and this court converted their motion to one for summary judgment. Defendants additionally moved to strike an affidavit submitted by plaintiff as an attachment to her response brief.

### I. Motion to Strike

In support of her brief in opposition to defendants' motion to dismiss, plaintiff attached the fifteen-page affidavit of Harry R. Shouse which the latter submitted in an unrelated action in support of his "Extraordinary Motion for Reduction of Sentence." The Affidavit sets forth facts which would not be admissible in evidence because they are hearsay. Furthermore, the Affidavit does not show that Shouse was competent to testify to the matters contained in the Affidavit nor was it made for purposes of the instant action. See Fed.R.Civ.P. 56(e). Accordingly, the court GRANTS defendants' motion to strike the Shouse Affidavit.

### II. Motion for Summary Judgment

Defendants bring a motion for summary judgment on three alternative grounds: (1) that defendants' in their *official* capacities are entitled to Eleventh Amendment immunity; (2) that plaintiff fails to state a claim under 42 U.S.C. § 1983; and (3) that defendants, in their individual capacities, are entitled to qualified immunity.

### A. *Eleventh Amendment Immunity*

The Eleventh Amendment to the United States Constitution grants States immunity from suits seeking retroactive monetary relief. *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Eleventh Amendment immunity applies even if a plaintiff brings a suit against state officials under 42 U.S.C. § 1983. *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). When an official of the state is sued, the action is, "in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). "[A] plaintiff seeking to recover on a damages judgment in an official—capacity suit must look to the government entity itself," *Id.,* and where that entity is entitled to immunity, so is the defendant in his official capacity.

■ In the instant action, plaintiff brings suit against defendants in both their individual *and* official capacities. Under Georgia law, the district attorney and assistant district attorney are officials of the State. Ga. Off'l Code Ann. §§ 15-18-1 to 15-18-27 (1982) (compensated with State funds, districts cross county boundaries). Plaintiff's suit against defendants in their official capacities, therefore, is tantamount to an action against the State of Georgia. Because the State has not waived its Eleventh Amendment immunity, defendants, in their official capacities, are immune from suit. Accordingly the court DISMISSES the action against defendants in their *official* capacities.

### B. *Failure to State a Claim*

Defendants contend that plaintiff's claims of conspiracy, attempted entrapment, harassment and discrimination are not actionable under 42 U.S.C. § 1983. It is, of course, settled law that § 1983 does not itself create a substantive rights and that a plaintiff may only maintain a § 1983 action if defendants deprived her of a right secured by the Constitution and laws. *Baker v. McCollan*, 443 U.S. 137, 140, 99 S.Ct. 2689, 2692, 61 L.Ed.2d 433 (1979). Defendants argue that plaintiff has failed to show that defendants deprived her of any constitutional rights.

With regard to plaintiff's allegations that defendants conspired and attempted to entrap her into committing a crime, the court agrees with defendants that she fails to state a claim under § 1983. Although the court could find no case in this jurisdiction in which a court addressed this issue, other courts have held that entrapment (and by extension, attempted entrapment) does not state a cause of action under 42 U.S.C. § 1983. In *Jones v. Bombeck*, 375 F.2d 737, 738 (3rd Cir.1967), the court held, "[w]hile entrapment may be a proper defense in a criminal action, a police officer's participation in such activity does not constitute a constitutional violation." *See also, Johnston v. National Broadcasting Co., Inc.*, 356 F.Supp. 904 (E.D.N.Y.1973). More recently, the Federal District Court for the Eastern District of Michigan, relying on *United States v. Russell*, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973), held that there is no federal constitutional right to be free from entrapment and thus, that a claim for entrapment is not actionable under § 1983. *Shieb v. Humane Society of Huron Valley*, 582 F.Supp. 717, 725 (E.D.Mich.1984).

■ This court is persuaded by these courts' findings that entrapment does not state a claim under § 1983. Such a conclusion seems warranted in light of *Baker v. McCollan, supra,* and the Supreme Court's holding in *U.S. v. Russell* that the defense of entrapment is not constitutionally based and does not raise due process principles. *Russell, supra,* 411 U.S. at 431-32, 93 S.Ct. at 1642-43. Therefore, insofar as plaintiff's complaint alleges conspiracy and attempt to entrap plaintiff, it must fail.

The complaint cannot be dismissed, however, on that ground. While plaintiff does seek damages for defendants' alleged conspiracy and attempts to entrap her, she also brings suit for damages for defendants' alleged deprivation of her rights under the Fourteenth Amendment.[1] Thus,

---

**1.** Plaintiff conclusorily alleges in her complaint that defendants violated her First, Fifth and Fourteenth Amendment rights. In her brief in response to defendants' motion to dismiss, plaintiff argues that defendants deprived her of her freedom of association. Although the Supreme Court has not clearly delineated the First Amendment right to freedom of association, the majority of cases dealing with that right arose in the context of political association or right to associate for ideological reasons. This court believes that plaintiff's freedom of association claim is more appropriately raised within the confines of substantive due process under the Fourteenth Amendment. The right to associate physically is incorporated in the right to be free from bodily restraint or physical liberty which is implicit in the Fifth and Fourteenth Amendments' proscription of the deprivation of liberty without due process. As the district court for Maryland noted, "[t]his necessarily implies a right to go from place to place and to associate physically with others who are likewise free." *White v. Keller,* 438 F.Supp. 110, 116 n. 7 (D.Md. 1977). Plaintiff further contends defendants unreasonably interfered with her right to follow her chosen profession in violation of the liberty and property concepts of the Fifth and Fourteenth Amendments.

those alleged acts which could constitute entrapment could also combine to deprive plaintiff of constitutional rights and properly be raised in a § 1983 action.

■■■■ Defendant further contends, however, that plaintiff's complaint fails to state a claim for conspiracy or harassment.[2] Neither claims of conspiracy nor harassment can independently support a cause of action under § 1983. The former Fifth circuit held that "[t]o maintain a conspiracy action under § 1983, ... it is necessary that there have been an actual denial of due process or of equal protection by someone acting under color of state law." *Slavin v. Curry*, 574 F.2d 1256, 1261 (5th Cir.1978). Similarly, harassment will only state a claim under § 1983 if it is carried out in order to induce someone to give up a substantive constitutional right or to deprive a person of a constitutional right. *Cf., Bart v. Telford*, 677 F.2d 622 (7th Cir.1982); *Brown v. Brienan*, 722 F.2d 360 (7th Cir.1983) (employer who harassed employee to induce him to give up constitutional right such as freedom of speech would be violating Fourteenth Amendment and § 1983).

Plaintiff alleges that defendants deprived her of her liberty without due process in violation of the Fourteenth Amendment. In her deposition, plaintiff stated that defendants had engaged in a variety of acts which actually deprived her of her constitutional rights. Plaintiff alleges that defendants induced a prisoner to make harassing phone calls to her at her home and work, thus impinging on her ability to practice her profession. She further alleges that defendants attempted to get her to engage in the unlawful act of smuggling contraband into the Clayton County jail. After she was tried and acquitted for allegedly attempting to aid a jail escape, plaintiff contends defendants continued to smear her name, had her branded a security risk (causing her to be strip searched when she went to Reidsville State Prison on business) and precluded her from entering the Clayton County jail unaccompanied. *See* Deposition of Dianne Ruppert, Vol II, pp. 16–25 (Feb. 28, 1985). Plaintiff argues that these acts resulted in the actual deprivation of her liberty without due process.

In particular, plaintiff contends that the series of acts and alleged conspiracy to carry out such acts resulted in a violation of her constitutional right to liberty to freely associate with others and an infringement of her liberty and property interest to practice her chosen profession free from unreasonable government interference. These rights are constitutionally protected and plaintiff has presented enough evidence to create a question of fact as to whether defendants actually engaged in the acts or conspired to do so as alleged by plaintiff.

■■■■ Defendants argue, however, that they are entitled to absolute immunity for all their acts "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984, 994, 47 L.Ed.2d 128 (1976). Thus, defendants contend that plaintiff's claims must fall insofar as she alleges defendants conspired to unlawfully arrest and maliciously prosecute her. This court, as well as the Eleventh Circuit, has already stated that these defendants are entitled to *Imbler* immunity for prosecuting her and offering prosecutorial immunity to the inmates. *Mullinax, supra*, 817 F.2d at 715. By the same token, defendants are absolutely immune from suit for allegedly conspiring to do acts which were intimately associated with the judicial process. *See Fullman v. Gaddick*, 739 F.2d 553, 559 (11th Cir.1984). The doctrine of absolute immunity, however, does not shield defendants from damages for all of plaintiff's claims.

---

**2.** Defendants do not address plaintiff's claim that they discriminated against her to prevent her from being able to practice her chosen profession. Complaint, ¶ 10. The Supreme Court has stated that "the right to hold specific employment and to follow a chosen profession free from unreasonable government interference comes within the 'liberty' and 'property' concepts of the Fifth Amendment [and the Fourteenth Amendment by virtue of its incorporation of the Fifth]." *Greene v. McElroy*, 360 U.S. 474, 492, 79 S.Ct. 1400, 1411, 3 L.Ed.2d 1377 (1959).

■ The Eleventh Circuit in *Mullinax* noted that Keller and Sticher are *not* entitled to absolute immunity for "their involvement in the raid on the jail cell and for their attempts to entrap Mullinax." *Id.*[3] Likewise, defendants are not entitled to absolute immunity for the alleged smearing of plaintiff's character following her acquittal (when defendants allegedly called witnesses at a later, unrelated trial, who publicly re-accused her of aiding a jail escape) or for their alleged participation in a conspiracy to deprive her of her right to practice her profession or cause her to undergo strip searches. *Cf., In re Smith,* 656 F.2d 1101 (5th Cir.1981) (Unit A) (Plaintiff's constitutional rights to liberty and property were abridged when Assistant U.S. Attorney smeared him by naming him as accepting bribes when he had not been indicted and had no forum in which to vindicate his rights).

At best, defendants could be entitled to qualified immunity for these acts if, in doing the acts, they did not violate a clearly established law of which a reasonable person would have known. *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Defendants argue that, in engaging in acts which plaintiff construed as attempted entrapment, they were merely conducting an acceptable police investigation, using methods declared permissible by the Supreme Court. This court has dismissed plaintiff's attempted entrapment claim, however, on the ground that she has no constitutional right to be free from entrapment. The court further found, however, that plaintiff alleges defendants engaged in activities which deprived her of her Fourteenth Amendment rights, which rights were clearly established at the time the acts were carried out.

The Supreme Court recently clarified the qualified immunity doctrine. In *Anderson v. Creighton,* — U.S. ——, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987), the Court stated that the right an official is alleged to have violated must have been "clearly established" in a particularized sense: "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* 107 S.Ct. at 3039. Thus, in *Anderson,* a case involving a warrantless search, the "relevant question" was "the objective (albeit fact-specific) question whether a reasonable officer could have believed [the] warrantless search to be lawful, in light of clearly established law and the information the searching officers possessed." *Id.* at 3040.

The qualified immunity inquiry is a question of law which is "fact-specific." In their motion for summary judgment on the ground of qualified immunity, defendants did not set forth facts which would support a finding that their involvement in activities which allegedly infringed plaintiff's liberty and property rights were lawful in light of clearly established law and the information they possessed at the time. Instead, defendants focused on the issue of plaintiff's entrapment claim which this court has dismissed. Accordingly, the court reserves the legal determination of defendants' qualified immunity for resolution at the trial.

**CONCLUSION**

The court GRANTS defendants' motion to strike the Shouse Affidavit and PARTIALLY GRANTS defendants' motion for summary judgment, hereby DISMISSING the complaint against them in their *official* capacities. However, because disputed questions of fact remain regarding defendants alleged deprivation of plaintiff's Fourteenth Amendment liberty and property rights, and because on the record before it the court cannot say as a matter of law defendants are entitled to qualified immunity, the court PARTIALLY DENIES de-

---

**3.** Although this court found above that entrapment does not state a claim under § 1983, this statement by the Eleventh Circuit is not inconsistent with this court's conclusion. This is so because the *acts* which could constitute attempted entrapment can, on their own, state a claim under § 1983 if they allegedly resulted in depri-

vation of plaintiff's constitutional rights. If plaintiff raised only an entrapment, qua entrapment, claim, the complaint would have to be dismissed. Plaintiff, however, alleged violations of her constitutional rights in addition to attempted entrapment.

fendants' motion for summary judgment with regard to plaintiff's claims against them in their *individual* capacities. The only issue to be tried is whether defendants actually deprived plaintiff of her liberty and property without due process by allegedly conspiring to cause her to engage in unlawful activity and branding her a security risk without cause, smearing her name without providing her a forum in which to vindicate it and harassing and intimidating her to prevent her from practicing her profession.