Dianne MULLINAX, Plaintiff-Appellant,

v.

E.B. McELHENNEY, et al., Defendants.

Clifford Sticher and Robert E. Keller, Defendants-Appellees.

No. 86–8197.

United States Court of Appeals, Eleventh Circuit.

May 26, 1987.

---

Clifford H. Hardwick, Roswell, Ga., for Mullinax.

John C. Jones, Asst. Atty. Gen., Atlanta, Ga., for Sticher & Keller.

Before HILL and JOHNSON, Circuit Judges, and HENLEY *, Senior Circuit Judge.

JOHNSON, Circuit Judge:

This Section 1983 case concerns an appeal by a plaintiff from an order granting summary judgment in favor of two of the defendants on the grounds that they were entitled to absolute immunity as to some of their actions and that the statute of limitations had expired as to the remainder of their actions. We affirm the district court's order as to absolute immunity but reverse its finding as to the statute of limitations.

## I

## BACKGROUND

In the summer of 1982, Dianne Mullinax, a paralegal, was involved in the representation of Billy Joe Wallace who had been arrested in Clayton County, Georgia, for first degree murder. She contends that, in order to impede Wallace's defense, Robert Keller, District Attorney of Clayton County, and Clifford Sticher, Assistant District Attorney General of Clayton County, along with E.B. McElhenney, an investigator for the Clayton County District Attorney's Office, and D.G. Lemacks, a major in the Clayton County Sheriff's Office, systematically attempted to entrap her on charges of possession of narcotics and maliciously prosecuted her for aiding an attempted jail escape. The defendants contend, however, that during an investigation into an at-

tempted escape from the Clayton County jail, they uncovered information that Mullinax had smuggled hacksaw blades and other contraband into the jail. Their attempts to entrap her and her prosecution, they allege, stem from that information.

Questions of motive aside, the conduct Mullinax complains of began in June of 1982. At that time Sticher, with both Keller's and McElhenney's awareness, obtained the transfer of Earl Stocks from a Georgia state prison facility to the Clayton County jail under the pretense that Stocks was scheduled to stand trial in Clayton County. Apparently, no cases were even pending against Stocks in Clayton County at that. time. Upon Stocks's transfer, Sticher and McElhenney removed Stocks from jail and housed him in various hotels in Jonesboro. They directed Stocks to call Mullinax and induce her to carry a package to Wallace in jail. Sticher and McElhenney intended to secrete contraband in the package and arrest Mullinax when she delivered it to Wallace. Stocks, posing as Charles Fly, presumably an acquaintance of Wallace, then repeatedly called Mullinax both at her office and at home. Mullinax, however, refused to bring any package to Wallace unless he authorized her to do so and she was allowed to examine the package's contents. Consequently, Mullinax never delivered the package.

Later in the summer, Mullinax informed the Clayton County sheriff's office that she had learnt through Wallace of an escape attempt planned by six inmates at the Clayton County jail. She agreed to gather and pass on additional information concerning the planned escape, and the sheriff's office eventually prevented the escape. Despite Mullinax's assistance, Sticher contends that, during the ensuing investigation into the escape attempt, several of the inmates stated that Mullinax had provided them with hacksaw blades. Mullinax responds that the inmates implicated her only after Sticher and McElhenney had informed them that she was responsible for foiling

---

* Honorable J. Smith Henley, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designa-

tion.

their escape and had offered them immunity from prosecution if they testified against her.

The defendants then embarked on another attempt to entrap Mullinax. This time McElhenney placed a package containing marijuana and quaaludes in Wallace's post office box. Lemacks had obtained the narcotics from the property room of the sheriff's department. Because Wallace was incarcerated, Mullinax regularly checked his post office box, and McElhenney intended to arrest Mullinax when she delivered the package to Wallace. Apparently to avoid suspicion, McElhenney induced Jill High, the wife of Tom High, another inmate in the Clayton County jail, to address the package, and then McElhenney had Tom High send a note to Wallace telling him that High's wife had sent a package to his post office box. Wallace and Mullinax, however, were suspicious of Tom High's motives, thus Mullinax immediately informed the Clayton County sheriff's office that a package that she suspected contained contraband had been delivered to Wallace's post office box. She requested that a deputy accompany her to the post office to inspect the package. The sheriff's office immediately notified McElhenney who called off the entrapment attempt.

McElhenney having failed to entrap Mullinax, Sticher decided to prosecute her for aiding the attempted escape from the Clayton County jail. Consequently McElhenney arrested Mullinax when she next visited Wallace. After trial, Mullinax was acquitted.

Nearly two years after her arrest, Mullinax filed this action under 42 U.S.C.A. § 1983 seeking damages against Keller, Sticher, McElhenney, and Lemacks on the basis of conspiracy, false accusation and arrest, entrapment, harassment, and discrimination. She alleged also a claim for malicious prosecution under state law. After the close of discovery, all four defendants filed a motion for summary judgment. The district court initially granted summary judgment in favor of Keller and Sticher on the false accusation and arrest count and on the malicious prosecution count on

the ground that they were entitled to absolute immunity for activities within their role as advocates. The court deferred ruling on the remainder of the claims against them as well as on any of the claims against McElhenney. However, the court did deny at that time Lemack's motion for summary judgment. After further briefing, the court granted summary judgment in favor of Keller and Sticher on the remaining claims asserted against them on the ground that the claims were barred by the statute of limitations. At that time the court denied McElhenney's motion for summary judgment.

Upon consolidation of its two orders, the district court certified its order granting summary judgment in favor of Keller and Sticher as final pursuant to Fed.R.Civ.P. 54(b). This appeal followed.

## II

## DISCUSSION

### A. ABSOLUTE IMMUNITY

In reviewing a motion granting summary judgment, we must resolve all doubts as to the existence of genuine issues of material fact against the moving party. *Mercantile Bank & Trust Co. v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir.1985). Because the defendants' first attempt to entrap Mullinax occurred before their investigation into the attempted jail escape began, we accept Mullinax's representation of the defendant's motive. Furthermore, because it is unlikely that Mullinax would have informed the police about the escape attempt if she had smuggled in the hacksaw blades, we accept for purposes of this appeal that the inmates involved in the escape attempt testified against Mullinax in exchange for immunity. Nonetheless, the district court properly dismissed the false accusation and arrest claim and the malicious prosecution claim against Keller and Sticher on the ground that they were entitled to absolute immunity.

State prosecutors are entitled to absolute immunity from damages under Section 1983 for all acts "intimately associated with the judicial phase of the criminal pro-

cess." *Imbler v. Pachtman,* 424 U.S. 409, 430, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976). For acts done as an "administrator or investigative officer rather than that of advocate," *id.* at 430–31, 96 S.Ct. at 995, however, state prosecutors receive only qualified immunity. *Marrero v. City of Hiahleah,* 625 F.2d 499, 503–511 (5th Cir. 1980), *cert. denied sub nom. Rashkind v. Marrero,* 450 U.S. 913, 101 S.Ct. 1353, 67 L.Ed.2d 337 (1981). Similarly, under Georgia law, a district attorney is entitled to absolute immunity for acts done within the scope of his jurisdiction. *Smith v. Hancock,* 150 Ga.App. 80, 256 S.E.2d 627, 628 (1979). The initiation and prosecution of criminal suits is within the jurisdiction of a district attorney. Criminal investigations are not. O.C.G.A. § 15–18–6. Therefore, whether Keller and Sticher are entitled to absolute immunity under both Section 1983 and state law depends on whether their actions are more properly characterized as investigative or advocative.

■ Keller's and Sticher's prosecution of Mullinax undeniably fell within their roles as advocates. Therefore, they are entitled to absolute immunity from damages for prosecuting her, even if they suborned perjury to do so. *Imbler,* 424 U.S. at 410–17, 430–31, 96 S.Ct. at 995; *Wahl v. McIver,* 773 F.2d 1169, 1173 (11th Cir.1985); *Fullman v. Graddick,* 739 F.2d 553, 558–59 (11th Cir.1984); *Henzel v. Gerstein,* 608 F.2d 654, 657 (5th Cir.1979); *Bruce v. Wade,* 537 F.2d 850, 852 (5th Cir.1976). Mullinax argues, however, that all of Keller's and Sticher's actions did not fall within their role as advocates. Specifically, she points to Keller's and Sticher's efforts to entrap her, Sticher's participation, with Keller's approval, in the raid on the jail cell that foiled the escape attempt, and Sticher's offer of immunity to the inmates before she was indicted.

■ Mullinax's suggestion that Keller and Sticher are not entitled to absolute immunity from damages because they offered prosecutorial immunity to the inmates before she was indicted is meritless. A prosecutor's role as an advocate neces-

sarily entails the development and evaluation of a case prior to the formal initiation of a prosecution. *Imbler,* 424 U.S. at 431 n. 33, 96 S.Ct. at 995 n. 33. Thus, a prosecutor is entitled to absolute immunity for the factual investigation necessary to prepare a case, including interviewing witnesses before presenting them to the grand jury. *Cook v. Houston Post,* 616 F.2d 791, 793 (5th Cir.1980). Offering a witness immunity in exchange for his testimony is a necessary adjunct to that factual development.

■ On the other hand, Mullinax correctly observes that direct participation with the police in conducting a search far exceeds the prosecutor's necessary role in marshaling the facts of a case. *Fullman,* 739 F.2d at 559; *Marrero,* 625 F.2d at 505–06. Likewise, entrapping someone into committing a prosecutable offense undeniably constitutes investigative behavior. Therefore, Keller and Sticher are entitled to qualified immunity only for their involvement in the raid on the jail cell and for their attempts to entrap Mullinax.

However, the district court did not find that Keller and Sticher were entitled to absolute immunity on the entrapment, conspiracy, and harassment claims. Its finding was limited to the false accusation and arrest claim and the malicious prosecution claim. Those two claims concerned only Mullinax's prosecution for aiding the attempted jail escape and did not encompass the entirety of Keller's and Sticher's conduct. Thus Mullinax's argument seems to boil down to a claim that, because not all of Keller's and Sticher's conduct fell within their role as advocates, they are not entitled to immunity for their behavior that did. That argument is unsupported by both reason and precedent.

## B. STATUTE OF LIMITATIONS

■ Mullinax also objects to the district court's finding that the entrapment, conspiracy, and harassment claims were barred by the two-year statute of limita-

tions provided in O.C.G.A. § 9–3–33.[1] The parties do not contest the applicability of that statute of limitations to this proceeding.[2] Nor do they disagree as to when Mullinax commenced this action—August 9, 1984. Consequently, they also agree that those claims are barred if they accrued prior to August 10, 1982. They do dispute, however, when those claims accrued. Mullinax contends that they accrued, at the earliest, on August 12, 1982, when she was arrested for aiding the attempted jail escape. Until then, she argues, she was unaware of the full extent of her injury, its cause, or the parties involved. Keller and Sticher argue that any cause of action accrued sometime during June and July of 1982 when they undertook the two attempts to entrap Mullinax. The district court, agreeing with Keller and Sticher, found these claims to be time barred.

■ In discussing this point, the parties have focused their attention solely on Georgia law. However, the Supreme Court has clearly stated that in Section 1983 actions "*[o]nly* the length of the limitations period, and the closely related questions of tolling and application, are to be governed by state law." *Wilson v. Garcia*, 471 U.S. 261, 269, 105 S.Ct. 1938, 1943, 85 L.Ed.2d 254 (1985) (footnote omitted) (emphasis added). Thus, when a Section 1983 action accrues is a question of federal law. *Rubin v. O'Koren*, 621 F.2d 114, 116 (5th Cir.1980), *modified on other grounds*, 644 F.2d 1023 (5th

Cir. Unit B 1981); *Lavellee v. Listi*, 611 F.2d 1129, 1130 (5th Cir.1980); *Donaldson v. O'Connor*, 493 F.2d 507, 529 (5th Cir. 1974), *vacated and remanded on other grounds*, 422 U.S. 563, 95 S.Ct. 2486, 45 L.Ed.2d 396 (1975).

■ In Section 1983 cases, " 'the statute [of limitations] does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.' " *Calhoun v. Alabama Alcoholic Beverage Control Board*, 705 F.2d 422, 425 (11th Cir.1983) (quoting *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924, 930 (5th Cir.1975)). Thus Section 1983 actions do not accrue until the plaintiff knows or has reason to know that he has been injured. *Calhoun*, 705 F.2d at 424; *Rubin*, 621 F.2d at 116; *Lavellee*, 611 F.2d at 1131. Nor will a Section 1983 action accrue until the plaintiff is aware or should have been aware who has inflicted the injury. *Lavellee*, 611 F.2d at 1131 (quoting *United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979)).

Consequently, the district court erred in dismissing this action as time barred simply because both entrapment attempts occurred prior to August 10, 1982. Instead, it should have looked to when Mullinax first realized that she had been injured and that Keller and Sticher had inflicted that injury. Under that standard, any cause of

---

1. That section provides:
   Actions for injuries to the person shall be brought within two years after the right of action accrues, except for injuries to the reputation, which shall be brought within one year after the right of action accrues, and except for actions for injuries to the person involving loss of consortium, which shall be brought within four years after the right of action accrues.
   O.C.G.A. § 9–3–33.

2. Nor can they. Although Section 1983 does not contain a specific statute of limitations, 42 U.S.C.A. § 1988 directs courts in Section 1983 actions to apply the most appropriate and analogous state statute of limitations. *Burnett v. Grattan*, 468 U.S. 42, 47–48, 104 S.Ct. 2924, 2928, 82 L.Ed.2d 36 (1984); *Board of Regents v. Tomanio*, 446 U.S. 478, 483–86, 100 S.Ct. 1790, 1794–96, 64 L.Ed.2d 440 (1980). In *Wilson v. Garcia*,

471 U.S. 261, 276–79, 105 S.Ct. 1938, 1947–49, 85 L.Ed.2d 254 (1985), the Supreme Court interpreted the dictates of Section 1988 as requiring in all Section 1983 actions the application of the state limitations statute governing "personal injury" claims. Thus, under *Wilson*, the proper limitations period for all Section 1983 actions in Georgia is the two-year limitations period set forth in O.C.G.A. § 9–3–33. *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir.1986). Furthermore, in *Williams*, this Court determined that *Wilson* is to be applied retroactively, at least in Section 1983 cases arising out of Georgia. *Id.* at 625–28. *See also Jones v. Preuit & Mauldin*, 763 F.2d 1250, 1253 n. 2 (11th Cir. 1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 893, 88 L.Ed.2d 926 (1986) (applying *Wilson* retroactively in Alabama Section 1983 case where parties did not dispute its retroactivity). Therefore, this action is barred unless commenced within two years of its accrual.

action arising out of the entrapment attempts accrued after August 10, 1982.

First, Mullinax was unaware of the second entrapment attempt before August 11, 1982. Although McElhenney may have placed the package in Wallace's post office box prior to August 10, both McElhenney's investigative summaries and records from the Clayton County sheriff's office indicate that Mullinax was unaware of the package's presence until August 11.[3] Until she discovered the package's presence, Mullinax was unaware of any harm resulting from the second entrapment attempt. Therefore, any cause of action arising out of that entrapment attempt could not have accrued before August 11, 1982.

More importantly, Mullinax did not become aware of Keller's and Sticher's involvement in procuring the telephone calls by Stocks and in placing the package in Wallace's post office box any sooner than August 12, 1982—the day she was arrested. Nor should she have. Stocks misrepresented himself as an acquaintance of Wallace, and we have found nothing in Stocks's conversations with Mullinax that indicates Keller's and Sticher's involvement. Nor did Mullinax have any reason to suspect that Keller and Sticher were involved in mailing the package to Wallace's post office box. Thus, until she was arrested, Mullinax was unaware of Keller and Sticher's connection with the phone calls and the suspect package in Wallace's post office box. Therefore, any cause of action under Section 1983 arising out of the two entrapment attempts is not time barred.[4]

Accordingly, we AFFIRM the district court's order granting summary judgment on the false accusation and arrest claim and the malicious prosecution claim. However, we REVERSE the district court's order granting summary judgment on the remaining claims and REMAND for further proceedings not inconsistent with this opinion.

---

3. In their Statement of Facts to Which There Is No Dispute, Keller and Sticher stated that the package was placed in Wallace's post office box in July of 1982. McElhenney's investigative reports, attached as exhibits to Mullinax's response to the defendants' motions for summary judgment, clearly indicate that McElhenney placed the package in Wallace's post office box on August 10, 1982. In responding to Keller's and Sticher's Statement of Facts to Which There Is No Dispute, however, Mullinax did not dispute their statement as to when the package was placed in the post office box. Therefore, she is deemed to have admitted it. N.D.Ga.R. 220-5(b)(2). However, Keller and Sticher did not indicate in their statement of undisputed facts when Mullinax discovered that the package was in the box. As indicated, both McElhenney's investigative summaries and the records of the Clayton County sheriff's office indicate that Mullinax discovered the package on August 11, 1982.

4. Mullinax contends that, because Keller's and Sticher's conduct constitutes a "continuing tort," this action is not time barred if any of their wrongful conduct occurred within the limitations period. *See, e.g., Havens Realty Corp. v. Coleman,* 455 U.S. 363, 380–81, 102 S.Ct. 1114, 1125, 71 L.Ed.2d 214 (1982); *Lavellee,* 611 F.2d at 1132; *Neel v. Rehberg,* 577 F.2d 262, 263–64 (5th Cir.1978); *Donaldson,* 493 F.2d at 529. Our conclusion that Mullinax was unaware of Keller and Sticher's involvement prior to her arrest, however, obviates any need to address this issue.

Furthermore, although in reviewing an order granting summary judgment we can affirm the district court on any basis supported by the record, *Trans Caribbean Lines, Inc. v. Tracor Marine, Inc.,* 748 F.2d 568, 571 (11th Cir.1984), we decline to comment on the merits of Mullinax's claims. Given the undeveloped state of the record and the lack of briefing, any such comments now would be improvident.