[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 10, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-10091
Non-Argument Calendar

_____

D. C. Docket No. 05-02221-CV-T-27TBM

FELIX GOMEZ,

Plaintiff-Appellant,

versus

JOHN DOE, (Executive Administrator Name to
replace John Doe), DeSoto Memorial Hospital,

JOHN DOE, (Executive Administrator Name to
replace John Doe), DeSoto County Jail,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 10, 2007)

Before ANDERSON, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Felix Gomez, a Florida prisoner proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 action for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). In his November 2005 complaint, Gomez alleged that the Executive Administrator of DeSoto Memorial Hospital and the Executive Administrator of the DeSoto County Jail acted with deliberate indifference to his serious medical needs by denying him medical treatment for the injuries that he suffered in a car accident in June 1987. The district court concluded that Gomez's claims were barred by the four-year statute of limitations applicable to § 1983 actions arising in Florida and dismissed his complaint pursuant to § 1915(e)(2)(B)(ii). On appeal, Gomez again argues that the defendants violated his Eighth Amendment rights by acting with deliberate indifference to his serious medical needs, but fails to address the applicability of the statute of limitations to his case. For the following reasons, we affirm.

Section 1915(e) of the Prison Litigation Reform Act of 1995 provides, in part, that any in forma pauperis action or appeal shall be dismissed at any time if it fails to state a claim upon which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(ii). The running of the statute of limitations is sufficient grounds for dismissing a claim under § 1915(e)(2)(B). Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003). "To dismiss a prisoner's complaint as time-barred prior to

service, it must appear beyond a doubt from the complaint itself that the prisoner can prove no set of facts which would avoid a statute of limitations bar." Id. (internal quotations and brackets omitted).

Because § 1983 does not contain a specific statute of limitations provision, courts apply the statute of limitations that governs personal-injury tort actions in the state where the claim arose. Wilson v. Garcia, 471 U.S. 261, 276, 280, 105 S.Ct. 1938, 1947, 1949, 85 L.Ed.2d 254 (1985). Here, Gomez's claim arose in Florida. Questions of tolling also are governed by state law. Id. at 269, 105 S.Ct. at 1943. In Florida, the applicable limitations period for personal-injury actions is four years. See Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003). That period may be tolled, however, by the adjudicated incapacity, or previously adjudicated incapacity, of the plaintiff, but, in either event, "the action must be begun within 7 years after the act, event, or occurrence giving rise to the cause of action." Fla. Stat. Ann. § 95.051(1)(d) & (h). A § 1983 cause of action accrues, and the statute of limitations begins to run, when a plaintiff knows or has reason to know: (1) "that he has been injured;" and (2) "who has inflicted the injury." Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987).

According to Gomez's complaint, the events giving rise to this § 1983 action happened between June 1987, when the accident occurred, and June 1988, when he

3

was released from DCJ.  Thus, at the very latest, his § 1983 cause of action accrued in June 1988.  Even assuming that Gomez is entitled to the maximum permissible period of tolling, he was required to file his § 1983 action no later than June 1995, but failed to do so until November 2005, over 10 years after the limitations period had expired.

We thus conclude that the district court did not err by dismissing Gomez's complaint under § 1915(e)(2)(B)(ii) as barred by the four-year statute of limitations applicable to § 1983 actions brought in Florida.  Accordingly, the judgment of the district court is

**AFFIRMED.**