[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 08-14924 & 08-15602
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 10, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-60294-CV-PCH

DONALD D. BAKER,

Plaintiff-Appellant,

versus

CITY OF HOLLYWOOD,
a political subdivision of the
State of Florida,
JOHN GRAHAM,
individually and in his official
capacity as police officer of the
City of Hollywood, Florida,
et al.,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(August 10, 2010)

Before EDMONDSON, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Donald D. Baker, proceeding pro se, appeals the dismissal of his 42 U.S.C. § 1983 civil rights complaint for failure to state a claim, Fed.R.Civ.P. 12(b)(6). No reversible error has been shown; we affirm.

We review de novo a district court's dismissal for failure to state a claim under Rule 12(b)(6). Magluta v. Samples, 375 F.3d 1269, 1273 (11th Cir. 2004). And "[w]e accept the facts of the complaint as true and view them in the light most favorable to the nonmoving party." Id.[1]

Baker premised his allegations on an incident that occurred at a police department holding facility in Hollywood, Florida. He alleged that, while he was in the detainee holding area, a police officer struck another detainee without provocation. Baker protested this act; and two officers began beating Baker while other officers watched. Baker suffered injuries because of this beating. Based on the altercation with the officers, Baker was charged with several counts, including

---

[1]In addition, we liberally construe pro se pleadings. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

battery on a police officer. Baker proceeded to trial, and a jury convicted him of the battery charge but acquitted him of the other charges. He received a five-year sentence. Baker filed various post-conviction motions, including a Fla.R.Crim.P. 3.850 motion, for which he received an evidentiary hearing. In return for Baker's withdrawal of this motion, his sentence was modified to time served; and he was released.

In his section 1983 complaint, Baker alleged a host of constitutional violations stemming from the altercation and later trial and post-conviction proceedings. He chiefly alleged that the surveillance video of the altercation had been altered as had police reports of the incident. He alleged a conspiracy among the many defendants -- including police officers, state prosecutors, and public defenders -- to prevent the correct video from coming into evidence at trial: a violation of Baker's constitutional rights. The district court considered each of Baker's claims and determined that his complaint was subject to dismissal.[2] We address the court's reasoning on the claims to the extent that Baker challenges them on appeal.[3]

---

[2]The resolution of this appeal does not require us to identify each defendant because the district court's reasons for dismissal encompass all defendants.

[3]We need not address Baker's argument that the district court should not have considered Baker's release of claims as a reason for denying his section 1983 complaint because the release was involuntary. The court did not rely on the release when dismissing Baker's claims; and, therefore, whether Baker voluntarily agreed to release his claims when he withdrew his state

Baker argues that he stated valid excessive force, failure-to-intervene, and retaliation claims against the officers involved in his beating; and he challenges the district court's dismissal of the claims on statute-of-limitations grounds. A Rule 12(b)(6) dismissal on statute-of- limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred. La Grasta v. First Union Secs., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

Florida's four-year statute of limitations for personal injuries applies to claims for deprivations of rights under section 1983. Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003). A section 1983 claim accrues -- and the statute of limitations begins to run -- when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987) (citation and internal quotation omitted).

The events giving rise to Baker's excessive force, failure-to- intervene, and retaliation claims occurred on 18 April 2003, when Baker allegedly was beaten at the holding facility. From the face of the complaint that Baker knew the facts underlying these claims then is apparent. But he did not file his section 1983 action until 3 May 2008, beyond the four-year period. So, the district court

post-conviction motion does bear on the outcome of this appeal.

4

concluded correctly that these claims were barred by the statute of limitations.[4]

Baker also argues that he sufficiently stated a claim for conspiracy to alter evidence and to conceal the excessive force used against him so that defendants could sabotage his criminal trial and prevent him from filing a section 1983 complaint. The district court determined that Heck v. Humphrey, 114 S.Ct. 2364 (1994), barred Baker's conspiracy claim.

A section 1983 action is barred if "success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 125 S.Ct. 1242, 1248 (2005). To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by acts the unlawfulness of which would render a conviction invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, invalidated by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus; otherwise, such a claim is not cognizable under section 1983. Heck, 114 S.Ct. at 2372.

---

[4]To the extent Baker argues that Defendants interfered with his right to access the courts by altering the videotape so as to dissuade or otherwise prevent him from filing his section 1983 action, Baker knew about the facts underlying this interference claim more than four years before he filed his complaint. Thus, any claim that Defendants' acts interfered with his right to access the courts also was precluded by the statute of limitations. See Chappell, 340 F.3d at 1283 (explaining that a four-year statute of limitations applies to section 1983 claims for interference with access to courts and that the limitations period begins to run when the plaintiff knows or should know that he has suffered the injury that forms the basis of his complaint, and who has inflicted the injury).

5

Here, Baker's conspiracy allegation claimed that defendants (1) falsified evidence used to convict him, (2) failed to provide him effective assistance of counsel, (3) offered perjured testimony in their depositions and at his trial and post-conviction proceedings, and (4) improperly prosecuted him despite being aware of exculpatory evidence. Although Baker was acquitted on certain charges, success on his conspiracy claim necessarily would impugn the validity of his conviction for battery on a law enforcement officer because his claims allege that defendants' unconstitutional acts caused him to be convicted of that charge. And Baker's battery charge has not been invalidated; so his conspiracy claim is not cognizable under section 1983.

Baker also challenges the district court's reasoning about immunity. He argues that prosecutorial immunity did not apply because the state prosecutors' acts were unrelated to the judicial process and instead, were an investigative function. And he contends that witness immunity did not apply to the public defenders who testified at his post-conviction hearings because their acts were part of a broader conspiracy.

Although Baker attempts to cast the prosecutors' acts as administrative, he alleged that the State Attorney's Office charged and prosecuted him based on falsified evidence and that the prosecutors made false statements during his post-

6

conviction proceedings. These allegations relate directly to acts taken in connection with the prosecution of Baker's criminal case. And prosecutors are absolutely immune from liability for damages for activities that are intimately associated with the judicial phase of the criminal process. Imbler v. Pachtman, 96 S.Ct. 984, 995-96 (1976); see also Fullman v. Graddick, 739 F.2d 553, 559 (11th Cir. 1984) (explaining that immunity extends where prosecutors use false testimony and suppress exculpatory evidence). The district court committed no error in determining that the prosecutors were entitled to immunity.

And the district court dismissed only claims about defendants' testimony: and not claims about non-testimonial acts, as Baker suggests. Because witnesses are absolutely immune from damages based on their testimony, the court's witness immunity ruling also was correct. See Briscoe v. LaHue, 103 S.Ct. 1108, 1114 (1983) (witnesses are absolutely immune from damages arising from their testimony in judicial proceedings, even if the witness knew the statement was false and the witness made the statement with malice).

Baker finally challenges the district court's dismissal of his complaint without granting him leave to amend. To the extent Baker repeated the claims raised in his original complaint, these claims were dismissed as barred by the statute of limitations, Heck, or immunity; and amendment would not cure these

7

deficiencies.[5]  See Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262-63 (11th Cir. 2004) (concluding that a district court properly may deny leave to amend a complaint when the amendment would be futile).  Baker contends that the district court could exercise supplemental jurisdiction over his state law claims.  But the court was permitted to decline supplemental jurisdiction where it already had dismissed Baker's federal claims.  See 28 U.S.C. § 1367(c).

AFFIRMED.

---

[5]Baker argues that he cured any deficiencies in his amended complaint by bringing the claims under section 1983 instead of 42 U.S.C. §§ 1985, 1986, as he did in his original complaint.  But the court clearly considered Baker's claim under the section 1983 framework.