[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-14515
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 18, 2011
JOHN LEY
CLERK

D. C. Docket No. 07-00111-CV-WLS-1


JAYSON TERRELLE COMBS,

Plaintiff-Appellant,

versus

CYNTHIA NELSON,
KEITH B. JONES,
DEE DEE RAGAN,
Head Medical Director at Autry State
Prison from July 2003 to November 2005,
SARAH DRAPER,

Defendants-Appellees,

JANE DOE,
Head Medical Director at Autry State
Prison from July 2003 to November 2005,

Defendant,

ELAINE HUTTO, et. al.,

Consol Defendants.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(January 18, 2011)

Before TJOFLAT, EDMONDSON and WILSON, Circuit Judges.


PER CURIAM:


Jayson Terrelle Combs, a Georgia prisoner proceeding pro se, appeals the

dismissal of his civil rights complaints, 42 U.S.C. § 1983.[1]  No reversible error has

been shown; we affirm.

Combs alleged that several prison officials and employees were deliberately

indifferent to his health and safety by exposing him to active tuberculosis ("TB"),

resulting in his testing positive for latent TB.  Combs tested negative for TB upon

his initial entry into the Georgia Department of Corrections ("GDOC").  He also

received a later negative TB skin test after he was transferred to Autry State Prison

("ASP"), a facility within the GDOC.  But in September 2005, an ASP inmate

tested positive for active TB.  Prison officials conducted tests on prisoners who had

_____

[1]Combs filed a complaint against certain defendants and later filed an amended complaint
against a separate set of defendants.  Because the complaints arose from the same facts, the
district court consolidated the proceedings on both complaints.

2

been in contact with this inmate, and Combs tested positive for latent TB. Combs received medication for nine months.

The district court adopted the magistrate judge's recommendation and dismissed the later set of defendants on statute of limitations grounds. We review de novo the district court's interpretation and application of the statute of limitations. Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 n.2 (11th Cir. 2003). The district court granted the first set of defendants' motion for summary judgment because Combs's fact allegations did not show deliberate indifference.[2] We review de novo a grant of summary judgment and "apply the same legal standards that governed the district court's analysis." Penley v. Eslinger, 605 F.3d 843, 848 (11th Cir. 2010).

The statute of limitations for a section 1983 claim arising out of events occurring in Georgia is two years. Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003). A section 1983 claim accrues -- and the statute of limitations begins to run -- when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987) (citation and internal quotation

_____

[2]The district court also dismissed two defendants because Combs failed to serve them adequately with process. On appeal, Combs does not challenge this determination; and we will not mention it further. See Horsley v. Feldt, 304 F.3d 1125, 1131 n.1 (11th Cir. 2002).

3

omitted).

We see no error in the district court's statute of limitations ruling. Combs complained about events occurring in September 2005 related to his contraction of latent TB. So, in September 2005, "the facts which would support a cause of action" based on his TB test results should have been apparent to Combs. See id. And he had until September 2007 to file his section 1983 complaint; but he did not file the complaint against the later set of defendants until February 2008: after the limitations period had expired.

We are unpersuaded by Combs's appellate argument that the limitations period should have been tolled because a delayed response to and an inadequate investigation of his internal grievance impeded him from timely filing the complaint against these defendants. "Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." See Wallace v. Cato, 127 S.Ct. 1091, 1098-1100 (2007) (explaining that state law generally determines tolling rules in section 1983 cases). Combs has not shown such "unusual circumstances" that would justify equitable tolling, especially given that he filed a timely complaint against other defendants based on the same set of facts.

To survive summary judgment on his deliberate indifference claim against

4

the remaining defendants, Combs "was required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." See Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). We have explained that deliberate indifference has these three components: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Farrow v. West, 320 F.3d 1235, 1245 (11th Cir. 2003). The existence of a policy may constitute evidence that prison officials were not deliberately indifferent to the risks posed by exposure to TB. See Helling v. McKinney, 113 S.Ct. 2475, 2482 (1993).

The district court committed no error in granting summary judgment. The record shows that the GDOC had policies in place mandating (1) TB testing upon an inmate's initial intake screening; (2) periodic TB testing thereafter; (3) an investigation about with whom an inmate, with active TB, has been in contact; (4) isolation of inmates with active TB; and (5) the administration of INH medication for nine months for an inmate who receives a positive TB test result to prevent active TB from developing. The existence of these reasonable policies constitutes evidence that defendants were not deliberately indifferent to the risks posed by an inmate's exposure to TB. See id.

On appeal, Combs contends that defendants did not follow GDOC

5

procedures to isolate an inmate who was identified with TB and ignored Combs's complaints about this inmate: he states that the infected inmate was allowed to walk around the general prison population for three months, engaging in close contact with other inmates. But Combs provided no identity for this inmate or explain how or when Combs learned of the infected inmate, and Combs submitted no documentation of a complaint he filed with the GDOC about such an inmate.

The record will not support deliberate indifference. Instead, the record shows that the GDOC complied with their policies and procedures. Defendants responded reasonably upon becoming aware that an inmate was infected with active TB and treated Combs after it was determined that he had been exposed to, and infected with, latent TB. Combs presented no evidence that defendants disregarded the risk of inmates' exposure to TB. That Combs may have disagreed with the response time or with the underlying policy does not demonstrate deliberate indifference.

AFFIRMED.[3]

---

[3]We reject Combs's argument that the district court abused its discretion in denying him appointment of counsel. Appointment of counsel in civil cases is a privilege justified only by exceptional circumstances "such as the presence of facts and legal issues [which] are so novel or complex as to require the assistance of a trained practitioner." Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). Here, no such exceptional circumstances existed.