[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10239
_____

D.C. Docket No. 8:11-cv-00322-EAK-TBM

HUGH MCGINLEY,
Individually and as Personal Representative
of the Estate of Kevin P. McGinley, Deceased,
GILLIAN MCGINLEY,

                                        Plaintiffs - Appellants
                                        Cross Appellees,

versus

STEPHEN C. MAURIELLO,
MORRIS E. LEGGETT,
JAMES LEE,
CHARLES C. HALL, et al.,

                                        Defendants - Appellees,

DENNIS JETTON,
WAYNE CHALU,
MARK OBER,
RANDY M. SNOW,
DIANE MARTINEZ,
JOHN CZERNIS,
LAURENCE NODA,

Defendants – Appellees
Cross Appellants,

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(March 21, 2017)

Before TJOFLAT and MARTIN, Circuit Judges, and ROSENTHAL,[*] District Judge.

PER CURIAM:

This case comes before us on appeal from a District Court order granting the defendants' motion for summary judgment.  The District Court granted the motion on the grounds that the plaintiffs' claim under 42 U.S.C. § 1983 for denial of access to courts on an underlying wrongful death claim was barred by the statute of limitations and that some of the defendants were entitled to qualified immunity. We affirm the District Court's order granting summary judgment to the defendants on statute of limitations grounds and, therefore, do not reach the issue of qualified immunity.

I.

_____

[*] Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

2

This case arose in the aftermath of a wrongful death action that the plaintiffs brought after their son, Kevin McGinley, was struck and killed by United Parcel Service (UPS) truck on Interstate 275 on February 13, 1998. The plaintiffs filed their wrongful death action against UPS on February 13, 2002, but it was dismissed as barred by Florida's two-year statute of limitations. The reason for the delay in filing the action was that the Traffic Homicide Investigation Report authored by Defendant Corporal Dennis E. Jetton of the Florida Highway Patrol concluded the UPS driver bore no fault for McGinley's death due to the circumstances of the incident; however, by 2002 the plaintiffs had come to believe that Jetton's report was inaccurate and then filed suit.

The plaintiffs had initially been unsatisfied with Jetton's report when it was released to them on July 21, 1999. By September 12, 2000, after the two-year statute of limitations on their wrongful death claim had run,[1] the plaintiffs received a supplement to Jetton's report from the Florida Highway Patrol, which contained evidence that conflicted with Jetton's report. Throughout the year 2000, the plaintiffs wrote several letters to the Governor of Florida and his administration expressing their suspicions that Jetton's conclusions were incorrect and even the product of criminal wrongdoing. By August 4, 2000, the plaintiffs' letters asserted that they had "provided substantial evidence that clearly disproves the conclusions

---

[1] The limitations period for the plaintiffs' wrongful death claim expired on February 13, 2000.

3

of Corporal Jetton's Investigation Report."  Their letters of that year further referred to the "woeful inadequacy" of Jetton's report and expressed deep concern that Jetton remained involved in the investigation.  The plaintiffs hired two experts to independently evaluate the evidence of Kevin McGinley's death.  By September, 2003, both experts had rendered opinions that there were many evidentiary inconsistencies, and that Jetton's conclusions were erroneous.

By June 18, 2008, the plaintiffs had convinced the Florida Highway Patrol to conduct an internal investigation of Jetton's handling of the investigation.  The internal investigation concluded that Jetton had seriously mishandled the investigation of Kevin McGinley's death.  The report of the internal investigation was made available to the plaintiffs on April 8, 2009.

The plaintiffs filed the present action under § 1983 on December 11, 2010 in the Circuit Court for Hillsborough County, Florida, and it was timely removed to the United States District Court for the Middle District of Florida.[2]  The plaintiffs alleged that the defendants had unconstitutionally denied them access to the courts on their wrongful death claim by misleading them as to the facts surrounding their son's death.  Their complaint alleged that they had first learned of the facts giving rise to their cause of action on or after December 11, 2006.

---

[2] This is the plaintiffs' second § 1983 suit arising out of these facts.  They filed the former suit on November 10, 2008 in state court, apparently alleging malicious prosecution.  It was timely removed to federal court before being dismissed on October 12, 2010 on statute of limitations grounds.

II.

We review district court orders granting or denying summary judgment de novo. *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 836 (11th Cir. 2006). A district court must grant summary judgment when the movant shows that there is no genuine issue of material fact and that she is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmoving party, and, therefore, the nonmoving party must submit evidence on which a jury could base a decision in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). The summary judgment determination is based on the evidence viewed in the light most favorable to the nonmoving party. *Holloman*, 443 F.3d at 836.

The limitations period for a § 1983 claim is imported from the relevant state statute of limitations for personal injury. *Wilson v. Garcia*, 471 U.S. 261, 275–76 105 S. Ct. 1938, 1946–47, 85 L. Ed. 2d 254 (1985). The applicable limitations period under Florida's residual personal injury statute is four years from the time that the claim accrues. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999). A claim accrues under § 1983—as a matter of federal law—when "the plaintiff knows or has reason to know that he has been injured" and by whom. *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987). A plaintiff has

5

reason to know that she has been injured when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Id.* (internal quotations omitted).

A claim under § 1983 for denial of their constitutional right to access courts has two elements: (1) an underlying cause of action and (2) "official acts frustrating the litigation" of that underlying cause of action. *See Christopher v. Harbury*, 536 U.S. 403, 415, 122 S. Ct.1279, 1287, 153 L. Ed. 2d 413 (2002); *Chappell v. Rich*, 340 F.3d 1279, 1282–83 (11th Cir. 2003).

In this case, the plaintiffs filed their complaint on December 11, 2010, so their claim is barred if it accrued prior to December 11, 2006 under Florida's residual personal injury statute of limitations. *See Burton*, 178 F.3d at 1188. There is ample, uncontradicted evidence that the plaintiffs' claim had accrued long before the cutoff date, and the District Court correctly concluded that the plaintiffs' suit was time-barred.[3] The plaintiffs clearly believed that Jetton and the Florida Highway Patrol had not conducted an accurate investigation into their son's death by the close of the year 2000. Indeed, they claimed that they had "provided

---

[3] The plaintiffs complain on appeal that the District Court erred in granting the defendants summary judgment on the statute of limitations issue because it only found that "Plaintiffs possessed facts sufficient to support a wrongful death cause of action against UPS prior to December 11, 2006." The plaintiffs are certainly correct that such a finding would not be sufficient to support summary judgment that the plaintiffs' § 1983 claim was time-barred. However, taken in context, it is clear that the District Court meant that the plaintiffs possessed sufficient facts to support their § 1983 cause of action prior to December 11, 2006. All of the evidence the District Court's order recounts in support of its judgment on the statute of limitations issue goes to the plaintiffs' § 1983 claim, not their wrongful death claim.

substantial evidence that clearly disproves the conclusions of Corporal Jetton's Investigation Report" by that time. By the close of 2003, the plaintiffs possessed two expert reports that directly contradicted Jetton's conclusions and cast serious doubt on his investigative methods. At this point, the plaintiffs plainly knew or should have known that Jetton's report was misleading and they had objective evidence that the "official acts" of the Florida Highway Patrol's investigation "frustrated the litigation" of their wrongful death suit.[4] *Harbury*, 536 U.S. at 415, 122 S. Ct.at 1287. While it is doubtless true, as the plaintiffs point out, that they lacked the direct evidence of malfeasance that the Florida Highway Patrol's internal investigation ultimately revealed, such evidence is not required for a claim to accrue. The limitations clock begins running when a reasonable person would know they had a claim, not only when the facts crystalize into a slam-dunk case.[5] *See Mullinax*, 817 F.2d at 716.

---

[4] The plaintiffs repeatedly ask us to discount the evidence on which the District Court relied in deciding the statute of limitations issue, including their letter-writing campaign and the expert reports they commissioned. Their arguments, however, are neither credible nor based on evidence and thus fail to generate a genuine issue of material fact. *See Anderson* 477 U.S. at 249–50, 106 S. Ct. at 2510.

[5] The plaintiffs alternatively argue that they are entitled to equitable tolling of the statute of limitations due to the defendants' "grossly negligent investigation and supervision of those investigating, and continual acts to cover up so malfeasance." Equitable tolling is an extraordinary remedy available only when unavoidable circumstances beyond the plaintiffs' control delay filing. *Downs v. McNeil*, 520 F.3d 1311, 1318–19 (11th Cir. 2008). As we have seen, the plaintiffs were or should have been aware of facts giving rise to their cause of action at least by the end of 2003; that they did not receive the direct evidence resulting from the Florida Highway Patrol's internal investigation until 2009 hardly justified their waiting over seven additional years to file their claim.

The plaintiffs also argue that their claim was not time-barred because this was a continuing violation. This contention misses the mark. Our precedents draw a clear analytical distinction between continuing violations and the continuing effects of a completed violation; the former extends the limitations period while the other does not. *E.g.*, *Lovett v. Ray*, 327 F.3d 1181, 1183 (11th Cir. 2003). The present case presents an archetypal example of plaintiffs who feel the continuing effects of a completed violation. The plaintiffs alleged that they were denied access to courts on their wrongful death claim because Jetton's Traffic Homicide Investigation Report erroneously caused them to believe that they had no claim for wrongful death until after the two-year limitations period on that claim had expired on February 13, 2000. The alleged violation was thus complete by February 13, 2000 and the violation could not have continued after that date. While there have since been many events which helped the plaintiffs to realize that this alleged violation of their rights occurred, none of those acts continued the alleged underlying violation that denied them access to the courts on their wrongful death claim.

### III.

In conclusion, the District Court correctly granted the defendants' motion for summary judgment on the statute of limitations issue because there was no genuine issue of material fact as to whether the plaintiffs knew or should have known of the

facts underlying their § 1983 claim before December 11, 2006, and the defendants were entitled to judgment as a matter of law.

**AFFIRMED.**