*1336 JILL PRYOR, Circuit Judge,
dissenting to the denial of hearing en banc, joined by WILSON, MARTIN, and ROSENBAUM, Circuit Judges:
I agree in full with Judge Wilson’s dissent in Arthur,[1] his concurrence in Boyd,[2] and his dissent today. The Eighth Amendment guarantees death row inmates the right to humane treatment, but by effectively foreclosing all method-of-execution challenges, the Court has signaled that this right does not follow inmates to the execution chamber. Unfortunately, the Court’s jurisprudence on the substance of method-of-execution challenges is not the only way in which we have systematically closed and locked the courthouse doors on inmates under death sentences. We are also locking the courthouse doors based on an erroneous interpretation of the statute of limitations applicable to method-of-execution challenges.[3]
Georgia’s lethal injection protocol currently provides that inmates shall be executed with a lethal dose of compounded pentobarbital. J.W. Ledford raises an as-applied challenge under 42 U.S.C. § 1983 to the use of this protocol in his execution. He alleges that the cumulative effect of a medication he has taken over the last several years has altered his brain chemistry such that pentobarbital will lack the capacity to anesthetize him while it stops the functioning of his central nervous system. As a result, Mr. Ledford alleges, if he is executed using compounded pentobarbital he is very likely to endure excruciating pain and suffering akin to drowning in his own saliva.
The panel began by stating hornbook law: a challenge brought pursuant to § 1983 is subject to the statute of limitations governing personal injury actions in the state in which the challenge is brought. Ledford v. Comm’r, Ga. Dep’t of Corr., No. 17-12167, 856 F.3d 1312, 1315-16, 2017 WL *1337 2104682, at *2 (11th Cir. 2017). In Georgia, this statute of limitations is two years. See id. Because this Court has held that “a method of execution claim accrues on the later of the date on which state review is complete”—for Mr. Ledford, January 1995—“or the date on which the capital litigant becomes subject to a new or substantially changed execution protocol”—according to the panel, October 2001—the panel concluded that Mr. Ledford’s claim was time barred. McNair v. Allen, 515 F.3d 1168, 1174 (11th Cir. 2008); Ledford, 856 F.3d at 1315-16, 2017 WL 2104682, at *2 (quoting Gissendaner v. Comm’r, Ga. Dep’t of Corr., 779 F.3d 1275, 1280 (11th Cir. 2015) (quoting McNair, 515 F.3d at 1174)).
The panel’s analysis is simple enough. Indeed, it’s too simple. McNavfs accrual rule does not control in an as-applied challenge such as Mr. Ledford’s, where there are allegations that Mr. Ledford’s brain chemistry has changed over time such that he is now very likely to suffer an injury that he would not have experienced within two years of October 2001. Rather, the applicable rule is this Circuit’s general rule that “the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.” Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987) (alteration and internal quotation marks omitted); see McNair, 515 F.3d at 1173 (explaining that Mullinax “has long been the law of this Circuit” for § 1983 actions). By way of illustration, in Siebert v. Allen, decided the year before McNair, we concluded that an “as-applied” § 1983 challenge to Alabama’s lethal injection protocol was timely because the faetual predicate for that claim— Mr. Siebert’s diagnosis with pancreatic cancer and hepatitis C—occurred shortly before he filed his amended complaint. 506 F.3d 1047, 1048-49 (11th Cir. 2007). We said that Mr. Siebert’s “as-applied” claim was timely because it “derive[d] from his recent diagnosis.” Id. at 1049-50.[4]
It is this general rule from Mullinax, seen in action in Siebert, that should have been applied here. Mr. Ledford alleged that for a number of years he has been taking medication for chronic nerve pain, his dosage had been increasing, and his long-term exposure to that medication has altered his brain chemistry such that the State’s use of pentobarbital in his execution is very likely to cause him to experience unbearable pain and suffering. It is not at all apparent from the face of Mr. Ledford’s May 11, 2017 complaint that his as-applied claim accrued more than two years prior to that filing. See Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (noting that dismissal on the affirmative defense of statute of limitations is appropriate only “if the allegations, taken as true,” show that relief is time-barred). Admittedly, we cannot tell from the allegations of Mr. Ledford’s complaint that his claim is timely. But that is not the standard we are bound to apply.
By holding Mr. Ledford’s as-applied challenge time barred, the panel locks the courthouse doors on him and on virtually any other death row inmate who may assert an as-applied challenge to an execution protocol in this Circuit. This defies common sense, logic, our case law, and the dictates of the Eighth Amendment. For these reasons and the reasons Judge Wilson has articulated in his dissent, I believe *1338 we should have heard Mr. Ledford’s case en banc. I respectfully dissent.

. Arthur v. Comm’r, Ala. Dep't of Corr., 840 F.3d 1268 (11th Cir. 2016), cert. denied sub nom. Arthur v. Dunn, - U.S. -, 137 S.Ct. 725, 197 L.Ed.2d 225 (2017).

. Boyd v. Warden, Holman Corr. Facility, No. 15-14971, 856 F.3d 853, 2017 WL 1856071 (11th Cir. 2017).

. Because this case presents an as-applied challenge to Georgia’s method of execution, I do not address the Court's statute of limitations jurisprudence as it pertains to per se method-of-execution challenges.

. More recently, Gissendaner, cited by the panel, suggested that a recent change in an inmate's medical condition could affect our statute of limitations analysis, though it denied Ms. Gissendaner relief because she had failed to allege that there was a recent change in her medical condition.