[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11751
Non-Argument Calendar
_____

D.C. Docket No. 1:19-cv-00375-SCJ

LEAH CALDWELL,

Plaintiff-Appellant,

versus

JUDGE DORIS L. DOWNS,
WENDY L. SHOOB,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 15, 2019)

Before WILSON, WILLIAM PRYOR and GRANT, Circuit Judges.

PER CURIAM:

Leah Caldwell appeals the district court's dismissal of her pro se complaint, which alleged violations under 42 U.S.C. § 1983.  Caldwell argues that the district court erred in two ways.  First, by transferring her case from the Eastern District of California to the Northern District of Georgia.   And second, by dismissing her complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).  Because we conclude that Caldwell has not alleged sufficient facts to support a federal claim for relief against any defendant in this case, we affirm the district court's dismissal of her complaint.  We need not and do not consider Caldwell's transfer of venue claim.

## STANDARDS OF REVIEW

A court must dismiss an *in forma pauperis* complaint "at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  We review de novo a district court's sua sponte dismissal of an *in forma pauperis* complaint for failure to state a claim under § 1915(e)(2)(B)(ii), taking the allegations in the complaint as true.  *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under § 1983, a plaintiff must allege that a person acting under color of state law committed an act that deprived her of some right protected by the Constitution or laws of the United States.  *See* 42 U.S.C. § 1983.  "All constitutional claims brought under § 1983 are tort actions, subject to the statute of

2

limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

"The standards governing dismissals under Rule 12(b)(6) apply to § 1915(e)(2)(B)(ii)." *Alba*, 517 F.3d at 1252. To survive a motion to dismiss, the plaintiff's complaint must contain facts sufficient to support a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

## BACKGROUND

The allegations in Caldwell's dismissed complaint concern events surrounding a 2005 child-custody hearing. Caldwell alleges that Georgia state judges Doris L. Downs and Wendy L. Shoob[1] violated her constitutional rights when: (1) Judge Shoob called an emergency hearing and "issued an illegal gag order unlawfully restricting [Caldwell's] civil rights"; (2) Judge Downs "issued an unlawful, [handwritten] bench warrant ordering [Caldwell's] arrest"; (3) Leah J. Zammit[2] and a then-unknown passenger allegedly stalked Caldwell by car for several miles, during which time the passenger "directed [Caldwell's] arrest," and ordered that Caldwell's children be placed in their father's vehicle; and (4) while in jail, Caldwell was "forced to sign [Judge Downs's] order to switch custody."

---

[1] Both Judge Shoob and Judge Downs serve on the Superior Court of Fulton County.
[2] Zammit served as counsel for Caldwell's ex-husband at the custody hearing.

3

Though these events occurred in 2005, Caldwell asserts that she did not know the identity of the passenger until 2017, when she saw an online video of Judge Downs.  Her complaint requested $391,729.90 in damages against Judge Downs and Judge Shoob.

Caldwell's complaint was initially filed in the Eastern District of California, but a magistrate judge transferred the case to the Northern District of Georgia under 28 U.S.C. § 1406(a).

## DISCUSSION

The district court dismissed Caldwell's complaint for three reasons, but we only need to consider two of those grounds here.[3]

### I.

Caldwell argues that the district court erred when it found absolute judicial immunity barred her claims against Judge Downs and Judge Shoob.  Judges have absolute immunity from liability under § 1983 for actions performed in their judicial capacity, provided the actions are not done in the clear absence of all jurisdiction.  *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994).  We have said:

> Whether a judge's actions were made while acting in his
> judicial capacity depends on whether: (1) the act
> complained of constituted a normal judicial function; (2)

---

[3] Zammit was included as a defendant in one of Caldwell's amended complaints, but the district court dismissed that claim.  We need not discuss whether that dismissal was appropriate because Caldwell did not brief that issue before this Court, and issues not briefed on appeal are deemed abandoned.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

4

the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity.

*Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005).  Judicial immunity applies even when the judge's actions are "in error, malicious, or … in excess of his or her jurisdiction."  *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000).

Assuming that Caldwell's allegations are true—as our precedent demands we must—it is obvious that the district court did not err when it dismissed Caldwell's claims against Judge Shoob and Judge Downs.  Caldwell has not presented sufficient facts that the judges acted outside their judicial capacity.  As the district court noted, signing orders and issuing bench warrants for a party's failure to appear are run-of-the-mill judicial functions.  Rather than allege judicial impropriety, Caldwell's allegations show that both judges acted in relation to Caldwell's pending child-custody hearing.  And if Judge Downs was present at Caldwell's out-of-court arrest, her mere presence would not violate Caldwell's constitutional rights, nor would her presence deprive her actions of their judicial character.  *See id.*, 225 F.3d 1239.

Because the allegations against Judge Downs and Judge Shoob are insufficient to support a plausible claim for relief, we conclude that the district court properly dismissed her claim as it related to these defendants.

5

II.

Moreover, the statute of limitations bars this suit.  Caldwell's claims are governed by Georgia law, under which the applicable statute of limitations is two years.  O.C.G.A. § 9-3-33.  Thus, Caldwell needed to file her suit within two years from the date the limitations period began to run.  The clock will not begin to run "until the plaintiffs know or should know (1) that they have suffered the injury that forms the basis of their complaint and (2) who has inflicted the injury." *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003).  Equitable tolling is only appropriate when a plaintiff "untimely files because of *extraordinary circumstances* that are both beyond his control and unavoidable even with diligence." *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006).  "The plaintiff bears the burden of showing that such extraordinary circumstances exist." *Id.*

Caldwell claims these events happened in 2005, but she filed her case in 2017.  Like the district court, we reject the argument that the statute of limitations should be tolled because Caldwell did not know Judge Downs was the passenger in Zammit's car until she saw a video in 2017.  The facts supporting Caldwell's cause of action were apparent or should have been apparent "to a person with a reasonably prudent regard for his rights." *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987).  It is clear from her complaint that in 2005 Caldwell knew the identity of Judge Shoob, she knew that her rights had been violated by some

6

unknown person, and she knew that Judge Downs's name was on her arrest warrant and hearing paperwork.  This was sufficient information to file suit within the limitations period.

Because she has not provided any credible reason why her claims would have tolled during that 12-year period, we conclude that the limitations period began to run in 2005, and therefore, that Caldwell's suit is barred by the statute of limitations.

## CONCLUSION

We find that the district court did not err by dismissing Caldwell's § 1983 action pursuant to § 1915(e)(2)(B)(ii).  Caldwell did not allege sufficient facts to show that Judge Downs and Judge Shoob are not entitled to absolute judicial immunity and, further, the suit is barred by the statute of limitations.  The district court's dismissal of her complaint made her motion to transfer moot, so we need not discuss that here.

**AFFIRMED.**