[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 20, 2007
THOMAS K. KAHN
CLERK

_____

Nos. 06-14960, 07-10483
Non-Argument Calendar

_____

D. C. Docket No. 06-80070-CV-KLR

RICHARD D. COHEN,

Plaintiff-Appellant,

versus

WORLD OMNI FINANCIAL CORP.,

Defendant-Appellee.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

**(November 20, 2007)**

Before CARNES, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Richard D. Cohen, a licensed attorney proceeding pro se, appeals the district court's (1) grant of summary judgment on his 42 U.S.C. § 1983 complaint in favor of World Omni Financial Corporation ("World Omni") on res judicata grounds (Case No. 06-14960); and (2) award of attorneys' fees to World Omni, pursuant to 42 U.S.C. § 1988(b) (Case No. 07-10483). Cohen's § 1983 complaint alleged a violation of the Commerce Clause. Cohen argues that the district court erred in granting summary judgment on res judicata grounds because none of the state courts to which he presented his Commerce Clause argument addressed this federal claim. Cohen argues that the district court abused its discretion in awarding attorneys' fees because his § 1983 complaint was not frivolous, unreasonable, or groundless and was not filed in bad faith. For the reasons discussed below, we remand the cases to the district court for further consideration consistent with this opinion.

## I. FACTS

### a. Before the State Court

While living in New York, Cohen leased a car. The lessor's interest in the lease was assigned to World Omni. Pursuant to New York state law requiring pre-payment, at the inception of the lease, of sales tax on the total lease payments due

2

during the lease term, Cohen immediately paid to World Omni sales tax on all of the lease payments for the 36-month lease. Thereafter, Cohen moved to Florida with the leased car. Pursuant to Florida law requiring monthly payment of use tax along with the monthly lease payments, World Omni sought to collect from Cohen use tax for each of the remaining monthly lease payments. Cohen paid the Florida use tax for approximately 15 months before refusing on the grounds that he previously had paid sales tax in New York. Thereafter, Cohen applied a "set-off" equal to the amount of his 15 months of Florida use-tax payments to his remaining lease payments.

Because of his refusal to continue paying the Florida use tax, World Omni declared the lease in default, repossessed the car, and sued Cohen in state court for damages stemming from his breach of the lease. In response to World Omni's Florida action, Cohen submitted an answer admitting non-payment but counterclaiming that World Omni actually had breached the lease and libeled him. In defense of World Omni's breach-of-lease claim, Cohen argued that collecting the Florida use tax without credit for the previously paid New York sales tax violated the Commerce Clause. World Omni then moved for summary judgment on Cohen's counterclaim.

The state court granted summary judgment to World Omni on the issue of

3

liability based solely on Cohen's non-payment, without addressing Cohen's constitutional defense. After a jury trial on the issue of damages, Cohen was ordered to pay a money judgment. Cohen appealed the judgment to the state appellate court, again raising his constitutional defense. The state appellate court per curiam affirmed the judgment without a written opinion. Cohen submitted a petition for writ of certiorari to the state district court of appeals, again raising his constitutional defense. The state district court of appeals denied certiorari without a written opinion. Cohen then petitioned the U.S. Supreme Court for writ of certiorari. The U.S. Supreme Court denied Cohen's petition without a written opinion. In 2005, Cohen paid the money judgment and all associated attorneys' fees.

## b. Before the District Court

Thereafter, Cohen filed a 42 U.S.C. § 1983 complaint in district court against World Omni, alleging that World Omni violated his rights under the Commerce Clause. Cohen conceded that he had raised this Commerce Clause argument in Florida state court. World Omni filed a motion for summary judgment, arguing that Cohen's cause of action was barred by the doctrine of res judicata because his Commerce Clause argument was raised and fully litigated in Florida state court. Cohen responded that res judicata did not bar litigation of his

4

Commerce Clause argument in federal court because the Florida state courts did not address his constitutional defense on the merits.

The district court granted World Omni's motion for summary judgment. Specifically, the district court applied this Circuit's res judicata law and reasoned that the issue presented in Cohen's § 1983 complaint, namely, whether World Omni was entitled to impose Florida use tax on Cohen without credit for the previously paid New York sales tax, and the operative nucleus of facts from which the issue arose, were identical to the issue and facts in the state court action. The district court specified that Cohen's argument, that the state courts had not considered the merits of his constitutional defense, was irrelevant to its conclusion, as the doctrine of res judicata applied even to those theories and claims that could have been, but were not, raised. In a footnote at the end of its order, however, the district court indicated that it doubted its subject matter jurisdiction over Cohen's complaint, pursuant to the Rooker-Feldman[1] doctrine. Cohen appealed the district court's order.

Thereafter, World Omni filed a motion for attorneys' fees, pursuant to Fed.R.Civ.P. 54(d) (stating that a party may claim entitlement to attorneys' fees in

[1] Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476-82, 103 S.Ct. 1303, 1311-15, 75 L.Ed.2d 206 (1983).

a motion specifying the statute, rule, or other grounds entitling the moving party to the award) and 42 U.S.C. § 1988(b) (stating that, in an action to enforce § 1983, the district court has discretion to award the prevailing party reasonable attorneys' fees). Specifically, World Omni argued that it was the prevailing party and that Cohen's complaint before the district court was frivolous, as he previously had raised the issue numerous times without avail before the state courts. Cohen responded that his § 1983 complaint was not frivolous, as the state courts to which he had presented his constitutional defense failed to address it. The district court granted World Omni's motion for § 1988(b) attorneys' fees, reasoning that World Omni was the prevailing party and that Cohen's § 1983 complaint was frivolous, in that he already had raised it repeatedly. Cohen separately appealed this order.

## II. DISCUSSION

The instant appeals present three issues, namely (1) whether the district court had subject matter jurisdiction to consider Cohen's § 1983 complaint, pursuant to the Rooker-Feldman doctrine; (2) whether the district court erred in granting summary judgment on Cohen's § 1983 complaint on res judicata grounds; and (3) whether the district court abused its discretion in awarding § 1988(b) attorneys' fees to World Omni.

### a. Rooker-Feldman Doctrine

6

In Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir. 2004), we held that "[f]ederal courts are obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking." (quotation omitted).  We review questions of subject-matter jurisdiction de novo. Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1331 (11th Cir. 2001).

The Rooker-Feldman doctrine places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation.  Rooker, 263 U.S. at 415-16, 44 S.Ct. at 150; Feldman, 460 U.S. at 476-82, 103 S.Ct. at 1311-15.  Specifically, the Rooker-Feldman doctrine provides that federal courts, other than the Supreme Court, have no authority to review the final judgments of state courts.  Goodman ex rel. Goodman, 259 F.3d at 1332.  This rule barring federal jurisdiction is triggered when "(1) the party in federal court is the same as the party in state court; (2) the prior state court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding; and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment." Amos v. Glynn County Bd. of Tax Assessors,  347 F.3d 1249, 1265 n.11 (11th Cir. 2003) (citations omitted).  A federal claim is inextricably

intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Goodman ex rel. Goodman, 259 F.3d at 1332. Even where the federal claim is "inextricably intertwined" with the state court's judgment, however, the federal court may exercise jurisdiction if the plaintiff had no "reasonable opportunity to raise his federal claim in state proceedings." Id.

Here, although the district court suggested in a footnote that it doubted its subject matter jurisdiction over Cohen's complaint, it failed to explore the issue, choosing instead to grant summary judgment on res judicata grounds. In doing so, the district court violated its obligation to inquire into its subject matter jurisdiction. See Cadet, 377 F.3d at 1179; see also Narey v. Dean, 32 F.3d 1521, 1524-25 (11th Cir. 1994) (indicating that res judicata is not a jurisdictional issue). Accordingly, we remand Case No. 06-14960 to the district court to consider its subject matter jurisdiction.[2]

_____

[2] We remand for the district court to decide its jurisdiction in the first instance and we make no decision on the matter. We note, however, that we previously have not addressed whether a litigant had a "reasonable opportunity" to raise his federal claim when he alleged it but the state court failed to address it, but that certain of our sister circuits have held that a litigant did not have a reasonable opportunity for Rooker-Feldman purposes to litigate his federal claims in state court in this situation. See Simes v. Huckabee, 354 F.3d 823, 828-30 (8th Cir. 2004) (holding that a plaintiff cannot be said to have had a reasonable opportunity to raise his federal claims in state court when the state court previously presented with the same claims has not "indicate[d that] it [] considered, reached the merits, and rejected the federal claims"); Gulla v. North Strabane Twp., 146 F.3d 168, 172-73 (3rd Cir. 1998) (holding that the Rooker-Feldman doctrine did not apply when the state appellate court to which a plaintiff's constitutional claims

8

### b. Doctrine of Res Judicata

Since we are vacating the rulings of the district court and remanding for a consideration of the question of jurisdiction, we will not deal with the ruling based upon res judicata on the merits. However, should the district court find that it does have jurisdiction, we suggest the following cases be reviewed for guidance: Community State Bank v. Strong, 485 F.3d 597, 613 n.21 (11th Cir. 2007) (citing Kizzire v. Baptist Health Sys. Inc., 441 F.3d 1306, 1308 (11th Cir. 2006) (holding that when we are "asked to give res judicata effect to a state court judgment, [we] must apply the res judicata principles of the law of the state whose decision is set up as a bar to further litigation").

### c. Attorneys Fees

Because the district court has not properly examined the question of jurisdiction in the first instance, the award of attorneys fees is vacated.

### III. CONCLUSION

Both of these cases are remanded for further proceedings consistent with the opinion.

---

were presented dismissed the plaintiff's appeal for lack of standing without adjudicating those constitutional claims); and Mullins v. State of Or., 57 F.3d 789, 793 (9th Cir. 1995) (holding that a plaintiff's federal claims were not inextricably intertwined with her state juvenile court proceedings because the juvenile court did not, and could not, address those claims).

**VACATED and REMANDED.**