[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15042
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 12, 2011
JOHN LEY
CLERK

D.C. Docket No. 9:06-cv-80070-KLR

RICHARD D. COHEN,

Plaintiff-Appellant,

versus

WORLD OMNI FINANCIAL CORP.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 12, 2011)

Before BARKETT, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Richard D. Cohen appeals the district court's grant of summary judgment to World Omni Financial Corp. ("World Omni") and denial of partial summary judgment to Cohen in his suit brought pursuant to 42 U.S.C. § 1983. He argues that the district court erred in finding that he filed his original complaint after the expiration of the four-year limitations period.[1] For the reasons set forth below, we affirm.

I.

On May 13, 1995, while living in New York, Cohen leased a car. The lessor's interest in the lease was assigned to World Omni. Pursuant to New York state law requiring prepayment, at the inception of the lease, of sales tax on the total lease payments due during the lease term, Cohen immediately paid to World Omni sales tax on all of the lease payments for the 36-month lease. In June 1996, Cohen moved to Florida with the leased car. Pursuant to Florida law requiring monthly payment of a use tax along with the monthly lease payments, World Omni determined in June 1996 that it was required to begin collecting from Cohen use tax for each of the remaining monthly lease payments. World Omni first billed Cohen for the Florida use tax with the July 1996 lease installment. Cohen paid the

---

[1] Cohen further argues that the district court erred in finding that World Omni did not act under color of state law and that Cohen had not suffered a constitutional violation. Because we affirm the judgment on statute-of-limitations grounds, we decline to address these issues.

Florida use tax for approximately 15 months, through September 1997, before refusing on grounds that he previously had paid sales tax in New York. He unilaterally applied a "set-off" to his October 1997 lease payment in an amount equal to the 15 months of Florida use-tax payments.

Due, at least in part, to Cohen's refusal to pay the Florida use tax, World Omni declared the lease in default in February 1998, repossessed the car, and sued Cohen in state court in January 2000 for damages stemming from his breach of the lease. In response to World Omni's Florida action, Cohen submitted an answer admitting non-payment but counterclaiming that World Omni actually had breached the lease and libeled him. In defense of World Omni's breach-of-lease claim, Cohen argued that collecting the Florida use tax without credit for the previously paid New York sales tax violated the Commerce Clause. World Omni then moved for summary judgment on Cohen's counterclaim.

The state court granted summary judgment to World Omni on the issue of liability based solely on Cohen's non-payment, without addressing Cohen's constitutional defense. After a jury trial on the issue of damages, Cohen was ordered to pay a money judgment. Cohen appealed the judgment to the state appellate court, again raising his constitutional defense. The state appellate court *per curiam* affirmed the judgment without a written opinion. Cohen submitted a

3

petition for writ of certiorari to the state district court of appeals, again raising his constitutional defense. The state district court of appeals denied certiorari without a written opinion. In June 2005, Cohen paid the money judgment and associated attorneys' fees. Cohen then petitioned the U.S. Supreme Court for writ of certiorari, which was denied in October 2005 without a written opinion.

Cohen filed his original § 1983 complaint against World Omni on January 20, 2006, alleging that World Omni had violated his rights under the Commerce Clause when it collected the Florida use tax without applying credit for the previously paid New York sales tax. World Omni filed a motion for summary judgment. The district court granted World Omni's motion on grounds that the doctrine of *res judicata* barred Cohen's claim. The district court indicated in a footnote that it doubted its subject matter jurisdiction over Cohen's complaint, pursuant to the *Rooker-Feldman*[2] doctrine, but it did not resolve the question of *Rooker-Feldman*'s applicability. On appeal, we held that the district court's failure to explore the *Rooker-Feldman* issue constituted a violation of its obligation to inquire into its subject-matter jurisdiction. *Cohen v. World Omni Fin. Corp.*, Nos. 06-14690 & 07-10483, manuscript op. at 8 (11th Cir. Nov. 20,

---

[2] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

4

2007). Accordingly, without addressing the *res judicata* ruling, we vacated and remanded for the district court to consider its jurisdiction in the first instance. *Id.* at 8-9, 8 n.2.

On remand, the district court determined that it had jurisdiction for *Rooker-Feldman* purposes and that, in fact, *res judicata* did not bar Cohen's Commerce Clause claim. The court further determined that neither collateral estoppel nor the Tax Injunction Act applied. As to Cohen's ability to state a cause of action under § 1983, the court found that he could not establish that World Omni had acted under color of state law. Accordingly, Cohen's complaint was dismissed without prejudice.

Cohen filed an amended complaint. World Omni moved for summary judgment, arguing, in relevant part, that Cohen's claim of a Commerce Clause violation was barred by the four-year statute of limitations. It contended that the claim had accrued in or before June 1996, when Cohen brought the vehicle to Florida and World Omni "turned on" the billing of Florida use tax. It further contended that Cohen had been aware of the injury since 1996, and that he had known since at least January 2000 that World Omni had inflicted the alleged injury. Thus, the claim arose more than four years prior to the instant action, and

5

the state-court proceedings had not tolled the limitations period, as there was no exhaustion requirement.

Cohen responded that a claim does not accrue until the wrongful act results in damages. World Omni's mere invoicing of the tax did not result in damages because Cohen did not, on net, pay the Florida tax. Citing *Memphis Community School District v. Stachura*, 477 U.S. 299, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986), he argued that damages only began to accrue after World Omni resorted to state judicial process to collect the tax. He further asserted that his claim could have accrued on any of "five other potentially viable dates" within the limitations period: (1) August 2, 2004, when the Florida appellate court affirmed the trial court's judgment; (2) February 5, 2005, when the Fourth District Court of Appeal denied certiorari; (3) March 29, 2005, when the Fourth District Court of Appeal denied his motion for rehearing and, thus, Cohen's state remedies were exhausted; (4) June 6, 2005, when Cohen paid the state-court judgment; or (5) October 11, 2005, when the U.S. Supreme Court denied certiorari. He indicated that if any of the appellate courts had ruled in his favor, he would have been absolved of paying the judgment and, thus, would have suffered no damages.

Cohen further argued that the alleged accrual date of June 1996 was implicitly foreclosed by the district court's finding that the action was not barred

6

by *res judicata*, as the claim would have been subject to the state court's compulsory counterclaim rule if it had accrued by that date. Finally, the Department of Revenue had issued him a refund pursuant to the application he filed in August 2005, but Florida law states that the right to such a refund is barred if the application is filed more than three years after the right accrued. Thus, he concluded that the state must have determined that his right to a refund had not accrued before August 2002. Finally, Cohen moved for partial summary judgment on the issue of liability and on certain damages.

The district court found that Cohen's claim was subject to a four-year statute of limitations, and because he had filed the original complaint on January 20, 2006, his claim was barred if it accrued before January 20, 2002. The complained-of injury was the alleged double taxation that occurred when the Florida use tax first was assessed in 1996 and World Omni refused to credit the New York taxes against the Florida tax. The court found that Cohen had been aware of the injury since 1996, and that Cohen had described his "original nonpayment of the Florida tax" as "the first boulder in an avalanche of liquidated damages and attorney fee awards that ensued." The cause of action accrued immediately upon the first alleged injury, even if related injuries later manifested themselves. Furthermore, Cohen (1) had been involved in litigation with World

Omni since January 2000 over nonpayment of his lease, (2) had alleged a counterclaim in February 2000, on the basis that the double taxation constituted a breach of contract, and (3) alleged that he first raised a constitutional argument in the state court in May 2000. Thus, the court found that, under any timeline, the cause of action accrued well before January 20, 2002.

The court further found that the statute of limitations had not tolled while the state-court action was pending. Cohen's claim that the cause of action did not accrue until World Omni resorted to state judicial process was without merit, as the alleged wrongful act resulted in damages in October 1997, when Cohen unilaterally decided to take a setoff. Cohen's resort to self-help did not stall the running of the limitations period. Cohen's reliance on *Stachura* was misplaced, as Cohen's case involved a quantifiable tax assessment, not an abstract value attached to a constitutional right. Cohen's claim that he was required to exhaust state-court and administrative remedies was without merit, as was his assertion that the district court's *res judicata* ruling indicated that the claim was not time-barred. Finally, the Department of Revenue's issuance of a refund, for which Cohen applied in 2005, was irrelevant to whether the § 1983 claim was time-barred. Accordingly, the court granted World Omni's motion for summary judgment and denied Cohen's partial motion for summary judgment.

8

II.

We review a grant of summary judgment *de novo*, viewing the evidence in the light most favorable to the nonmoving party. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). Summary judgment will be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *Sierminski*, 216 F.3d at 949.

A civil rights action brought in Florida is subject to a four-year statute of limitations. *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003). "[T]he length of the limitations period, and the closely related questions of tolling and application, are to be governed by state law." *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987). The question of when the cause of action accrues, though, is a question of federal law. *Id.* In this Circuit, a cause of action under § 1983 accrues and thereby starts the limitations clock when "the plaintiff[] know[s] or should know (1) that [he has] suffered the injury that forms the basis of [his] complaint and (2) who has inflicted the injury." *Chappell*, 340 F.3d at 1283.

As Cohen filed his original § 1983 complaint on January 20, 2006, his claim is barred if it accrued before January 20, 2002. *See id.* In the district court, Cohen alleged that his constitutional rights were violated when World Omni imposed the Florida tax without credit for the tax he had already paid in New York. World

Omni's tax department "turned on" the Florida tax assessment in June 1996, when it received notice that Cohen had moved to Florida, and the first billing statement to include the Florida tax was issued in July 1996. Cohen paid the Florida tax to World Omni for 15 months. He allegedly noticed the purported "double billing" for the first time in October 1997. At that time, he attempted to recoup the perceived overpayment by unilaterally taking a setoff, equal to 15 months' Florida tax, against his October lease payment. Thus, assuming *arguendo* that the imposition of Florida use tax without credit for the prepaid New York sales tax amounted to a constitutional deprivation, Cohen was actually injured by that decision in July 1996 and each following month through September 1997, when World Omni billed Cohen for the Florida use tax and he remitted the tax as part of his lease payments.

The fact that Cohen subsequently attempted to mitigate his purported injury by resorting to self-help in the form of an unauthorized setoff merely indicates that he had discovered his alleged injury by that time. The setoff did not retroactively prevent the injury from having occurred. Furthermore, the district court correctly found that Cohen's reliance on *Stachura* was misplaced. That case held merely that the abstract "value" or "importance" of a constitutional right may not form the basis for compensatory damages under § 1983. *Stachura*, 477 U.S. at 308, 310,

10

106 S.Ct. at 2543, 2545. Cohen's alleged injury and damages did not arise from either the abstract importance of the Commerce Clause or the Florida state court's judgment in World Omni's favor but, rather, from the actual collection and remittance of a quantifiable state tax, which took place in 1996 and 1997.

Therefore, at least by October 1997, Cohen knew both that he had suffered the alleged injury and that it had been inflicted by World Omni. *See Chappell*, 340 F.3d at 1283. Furthermore, he recognized the constitutional nature of his injury at least as early as May 2000, when he brought the Commerce Clause dimension of the dispute to the attention of the state court. Accordingly, the limitations period began to run well before January 20, 2002.

Cohen's contention, that the district court's failure to apply *res judicata* to the amended complaint implied that the § 1983 claim accrued after the state-court proceedings, is without merit. The district court merely declined to apply *res judicata* because "the state courts did not address the Commerce Clause argument." Nothing about this ruling indicates, implicitly or explicitly, that Cohen could not have raised a Commerce Clause counterclaim in state court. As to his argument based on the Florida Department of Revenue's issuance of a refund, the Florida Code imposes a three-year statute of limitations on refund applications, *see* Fla. Stat. § 215.26(3), but it includes various exceptions and

11

extensions to accommodate taxpayers who pursue administrative and judicial challenges, *see, e.g.*, §§ 215.26(2), (5), 72.011. In the absence of any record evidence as to whether the Department of Revenue strictly applied the three-year limitations period to his application, and in light of Cohen's failure to cite any authority that would bind the district court's constitutional-injury determination to the Department of Revenue's application of § 215.26, the issuance of the refund does not suggest that the district court erred in determining the accrual date of the § 1983 claim.

Finally, exhaustion of state judicial and administrative remedies generally is not a prerequisite to a § 1983 action. *Fetner v. City of Roanoke*, 813 F.2d 1183, 1184-85 (11th Cir. 1987). A rule requiring the plaintiff to bring his claim first in state court "would virtually eliminate the role of the federal courts in the enforcement of constitutional rights." *Id.* at 1184. Cohen's argument that the Tax Injunction Act, 28 U.S.C. § 1341, required him to litigate his claim unsuccessfully in state court before filing the federal complaint is without merit, as the Act is a jurisdiction-stripping statute, not an exhaustion-of-remedies requirement, *see Williams v. City of Dothan*, 745 F.2d 1406, 1411 (11th Cir. 1984), and the district court found that the Act did not preclude federal jurisdiction over Cohen's claim. Thus, Cohen's argument that his claim did not accrue until after the state-court

proceedings were complete is without merit.  *See Fetner*, 813 F.2d at 1184;

*Williams*, 745 F.2d at 1411.  Accordingly, the district court correctly determined

that Cohen's claim was barred by the four-year statute of limitations.

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**